Richard Mark Gergel, United States District Court Judge
Before the Court is Defendant's motion to decertify the conditionally certified class. (Dkt. No. 49.) For the reasons set forth below, Defendants' motion is denied.
*633 I. Background
Defendant Mark Keller is the sole member of Defendant Keller Unlimited, LLC, which owns and operates two restaurant-sports bars-Two Keys Public House in Summerville, South Carolina and Two Keys Tavern in Ladson, South Carolina-at which Plaintiffs were employed as bartenders. (Dkt. No. 23-1 at 1.) Named Plaintiff Ryan Sellers, with the conditionally certified class of ten opt-in plaintiffs, alleges that Defendants violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. , by claiming a tip credit from the minimum hourly wage while also deducting from Plaintiffs' paychecks an amount equal to Defendants' lost revenue caused by bar shortages. (Dkt. No. 1 ¶¶ 1-2.) Defendants now move to decertify the class.
II. Legal Standard
The FLSA allows that a collective action for unpaid minimum wages may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). After the district court has conditionally certified the class, the potential class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." Pelczynski v. Orange Lake Cntry. Club, Inc. , 284 F.R.D. 364, 368 (D.S.C. 2012).
At this optional "decertification stage," the district court applies a heightened fact-specific standard to the "similarly situated" analysis. Steinberg v. TQ Logistics, Inc. , No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *2 (D.S.C. Apr. 7, 2011) ; see also Pelczynski , 284 F.R.D. at 368. The plaintiff maintains the burden of proving that he or she is similarly situated to the opt-in plaintiffs. Gionfriddo v. Jason Zink, LLC , 769 F. Supp. 2d 880, 886 (D. Md. 2011). If the court determines that the plaintiffs are not, in fact, similarly situated, it may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiffs to proceed on their individual claims. Curtis v. Time Warner Entm't.-Advance/Newhouse P'ship. , No. 3:12-cv-2370-JFA, 2013 WL 1874848, at *3 (D.S.C. May 3, 2013).
In the decertification context, "similarly situated" means " 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.' " Pelczynski , 284 F.R.D. at 368 (quoting De Luna-Guerrero v. N.C. Grower's Ass'n , 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) ). "In FLSA actions, persons who are similarly situated to the plaintiffs must raise a similar legal issue as to coverage, exemption, or nonpayment or minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements or pay provisions." Id. (internal quotation marks omitted.) "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Curtis , 2013 WL 1874848, at *3 (citation and internal quotation marks omitted).
III. Discussion
A. Plaintiffs Are Not Situated in Disparate Factual or Employment Settings.
"The first factor of the decertification analysis involves an assessment of *634 whether Plaintiffs have provided evidence of a company-wide policy which may violate the FLSA, as well as an assessment of Plaintiffs' job duties, geographic location, supervision, and salary." Regan v. City of Charleston , 2:13-cv-3046-PMD, 2015 WL 6727079, at *4 (D.S.C. Nov. 3, 2015) (internal quotation marks omitted) (denying motion to decertify). It is undisputed that Defendants adhere to a corporate practice of deducting an amount equivalent to revenue lost from bar shortages from bartenders' paychecks. This practice is memorialized in the standardized Terms of Employment between Defendants and its bartenders. (Dkt. No. 41-5 at 2.) "Plaintiffs are similarly situated if they were victims of a common policy or plan that violated the law." MacGregor v. Farmers Ins. Exchange , No. 2:10-cv-03088-DCN, 2011 WL 2981466, at *2 (D.S.C. July 22, 2011). Moreover, as Defendants describe, "[t]he named Plaintiff and other opt-in bartenders employed by Defendants had similar job duties as bartenders, as spelled out in the policy manual and posted duties sheets." (Dkt. No. 45 at 4.) As evidenced by this uniform policy deducting bar shortages from bartenders' paychecks-the "common thread" among Plaintiffs' claims-the Court finds that Plaintiffs have demonstrated that their factual and employment settings are sufficiently uniform to warrant certification. Regan , 2015 WL 6727079, at *4.
B. Defendants' Defenses Are Not Sufficiently Individualized to Each Plaintiff.
Defendants contend that they would advance individualized defenses against each Plaintiff because Ryan Sellers did not accurately report her income to the Internal Revenue Service and, therefore, she cannot demonstrate that Defendants' practice of claiming a tip credit while deducting bar shortages from paychecks lowered her income below the minimum wage. This argument is unavailing because the undisputed record evidence that Defendants both claim a tip credit and deduct bar shortages from bartenders' paychecks indicates a FLSA violation,
C. Fairness and Procedural Considerations Warrant Continued Certification.
Defendants offer no argument as to any fairness or procedural consideration of certification, such as to contend that certification is unduly prejudicial or judicially inefficient. "The Court has broad discretion in determining whether the case should continue as a collective action after discovery." Randolph v. PowerComm Constr., Inc. , 309 F.R.D. 349, 368 (D. Md. 2015). Having considered this case's procedural posture and the record facts, the Court finds that certification is fair in the circumstances present here.
Each of these factors indicates that Plaintiffs are sufficiently similar with respect to the legal issues to be determined and, as a result, that decertification is not warranted.
IV. Conclusion
For the foregoing reasons, Defendants' motion to decertify the conditionally certified class (Dkt. No. 49) is DENIED.
AND IT IS SO ORDERED.